United Vacuum Sweeper Company, Appellant, v. W. L. Groth, Appellee.

**Gen. No. 23,864. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. Frederick A. Smith, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill by United Vacuum Sweeper Company, complainant, against W. L. Groth, defendant, to compel the specific performance of a contract. The chancellor, after sustaining a general demurrer to the bill, dismissed it for want of equity, from which decree complainant appeals.

Warren Pease and Howard F. Bishop, for appellant.

Huff & Cook, for appellee; Joseph G. Slottow, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

United Vacuum Sweeper Co. v. Groth, 210 Ill. App. 358.

## Abstract of the Decision.

1. CORPORATIONS, § 426*—*when contract with officer of competitor for purchase of stock and for services is void as against public policy.* On a bill for the specific performance of a contract for the sale to complainant, a foreign corporation, by defendant, a director and officer in a competing corporation, of certain shares of stock in the latter in exchange for certain shares of stock in complainant, it appeared that the contract provided that defendant should be elected a director and officer of complainant and that this agreement was carried out; that it also provided that other persons, who were parties to the contract solely for complainant's benefit, agreed to protect defendant against liability incurred by him to the competing corporation while acting as its officer, such liability to be assumed by complainant; that the stock in the competitor should be, when transferred to complainant, held by it and not transferred on the competitor's books until such time as it was deemed necessary to do so; that it was the intention of defendant and the persons acting on complainant's behalf that defendant was to remain a director of the competitor company and represent complainant; that the contract also recited that the third persons in question were desirous that defendant should remain with the competitor until a majority of the latter's stock had been obtained and that it should be regarded as confidential between them and him. *Held*, that such a contract was void as against public policy, notwithstanding complainant's charter authorized it to purchase and acquire stock from other corporations.

2. CORPORATIONS—*when foreign corporation has no power to acquire stock in domestic corporation.* The facts that the charter of a foreign corporation gives it power to purchase and acquire stock from other corporations and that it is licensed to do business in Illinois do not give it the right to acquire and own stock in an Illinois corporation.

3. CORPORATIONS—*when contract of foreign corporation with officer of domestic corporation is ultra vires and void.* The contract of a foreign corporation with an officer and director of an Illinois corporation which has for its main object the acquiring by the foreign corporation of stock of the Illinois corporation and the merging of the latter into the former, is beyond the powers of the foreign corporation, *ultra vires* and void.

4. CORPORATIONS, § 426*—*right of one corporation to control another.* The public policy of Illinois will not permit the control of one corporation by another.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. CORPORATIONS, § 426*—*when contract of foreign corporation with officer of domestic corporation is in fraud of rights of stockholders of latter.* A contract between a foreign corporation and one who is a stockholder and officer of a competitor company which has for its objects the elimination of the competitor and the enabling of the foreign corporation to acquire the competitor's business and property, is in fraud of the rights of stockholders of the competitor who are not parties to the contract.

6. ESTOPPEL, § 49*—*when cannot be invoked.* Estoppel cannot be invoked to enforce an illegal act.

7. ESTOPPEL, § 49*—*when cannot be invoked to enforce contract.* The doctrine of estoppel cannot be invoked to enforce an *ultra vires* contract of a corporation on the ground that the party against whom it is invoked has received the benefit of the contract.

8. CORPORATIONS, § 342*—*when contracts of unenforceable.* Contracts of a corporation which are *ultra vires* and unlawful cannot be enforced.

9. CORPORATIONS, § 352*—*ratification of ultra vires contract.* An *ultra vires* contract of a corporation cannot be ratified by either party because it could not have been authorized by either.